UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

AVANTE BAGGETT,

                                  Plaintiff,

    -against-                                                     9:10-cv-0977 (LEK/DEP)

THE TOWN OF LLOYD; THE TOWN
OF LLOYD POLICE DEPARTMENT;
SERGEANT DANIEL WAAGE; and
P.O. TIMOTHY JORDAN,

                                  Defendants.
_____

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

      Plaintiff Avante Baggett ("Plaintiff") filed the present Complaint (Dkt. No. 1) in the United States District Court in the Southern District of New York on May 5, 2010, alleging numerous violations of federal and state law. The case was transferred to the United States District Court in the Northern District of New York on August 13, 2010. Presently before the Court is a Motion to dismiss (Dkt. No. 17) ("Motion"), filed on September 20, 2010, by Defendants Timothy Jordan ("Officer Jordan"), Daniel Waage ("Officer Waage"), Town of Lloyd ("Lloyd"), and the Town of Lloyd Police Department ("Lloyd P.D.") (collectively, "Defendants"). For the following reasons, Defendant's Motion is denied in part and granted in part.

**II.    BACKGROUND**

      Plaintiff alleges a number of violations relating to his arrest by Officers Jordan and Waage on December 10, 2004, and his subsequent imprisonment. Compl. ¶¶ 31-59. Plaintiff was convicted of burglary in New York State Supreme Court, Ulster County, on September 7, 2005, and

served four years in prison. Def. Ex. A (Dkt. No. 17-2) ("Stern Decl.") ¶¶ 31, 43. On October 8, 2008, the Appellate Division reversed his conviction and dismissed the charges against him on the grounds that incriminating statements he made to law enforcement officials should have been suppressed because they were made prior to the administration of Miranda warnings. People v. Baggett, 57 A.D.3d 1093, 1093-94 (N.Y. App. Div. 2008). The charges against Plaintiff were dismissed on or about December 24, 2008, and he was released from custody on or about February 14, 2009. Compl. ¶¶ 3-4. Plaintiff served and filed a notice of claim and intent to sue on or about May 15, 2009,[1] but did not commence the present action until May 5, 2010. Id. ¶ 16.

### III. DISCUSSION

Defendants claim that: (1) all but one of Plaintiff's federal law claims, filed pursuant to 42 U.S.C. § 1983, are barred by the applicable statute of limitations; (2) Plaintiff's First, Sixth, Eighth, and Fourteenth Amendment claims should be dismissed for failure to state a claim; (3) Plaintiff's state law claims should be dismissed as untimely, or, alternatively, for failure to state a claim upon which relief can be granted; and (4) the claims against Defendant Lloyd P.D. should be dismissed because it is not a suable entity under New York law. Defs.' Memorandum of law in support of motion to dismiss (Dkt. No. 17-3) ("DML").

**A. Plaintiff's § 1983 Claims**

The applicable statute of limitations for a § 1983 claim is the same as that for a personal injury tort in the state in which the cause of action arose; in the state of New York, the relevant statute of limitations is three years. Owens v. Okure, 488 U.S. 235, 237, 251 (1989) (citing N.Y.

---

[1] Plaintiff claims that the Complaint erroneously stated that he filed a notice of claim on May 15, 2009, and that May 12, 2009 is in fact the correct date. Pl.'s Memorandum of law in opposition to Defs.' motion to dismiss (Dkt. No. 25) ("PML") at 3.

C.P.L.R. § 214(5) (McKinney 2011)).  However, the date on which the cause of action accrues is governed by federal law.  Wallace v. Kato, 549 U.S. 384, 388 (2007).  Defendants argue that all of Plaintiff's federal law claims, except for Plaintiff's malicious prosecution claim under the Fourth Amendment, are time-barred because they accrued when he was arrested on December 10, 2004.  DML at 3-5.  Plaintiff counters that the statute of limitations for these claims did not begin to run until February 14, 2009, the date he was released from prison.  PML at 6.

"Section 1983 claims generally accrue when the plaintiff knows or has reason to know of the injury which is the basis of his action."  Mosley v. Goord, Dkt. No. 08-CV-5268, 2010 WL 3189730, at *2 (E.D.N.Y. Aug. 10, 2010) (citing Pearls v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002)).  Plaintiff makes only a general assertion in his Complaint that his rights were violated under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.  Compl. ¶ 23.  However, Plaintiff makes clear in his Opposition that he alleges violations of: (1) his rights to freedom of speech and freedom of association under the First Amendment; (2) his Fourth Amendment rights against malicious prosecution and false arrest/imprisonment; (3) his Fifth Amendment rights to due process and against self-incrimination; (4) his Sixth Amendment right to counsel; (5) his Eighth Amendment right against cruel and unusual punishment; and (6) his Fourteenth Amendment right to equal protection.  PML at 14-21.

Upon reviewing Plaintiff's Complaint and Opposition to Defendant's Motion, the Court concludes that Plaintiff's allegations that Defendants violated his First Amendment right to freedom of speech and his Fifth and Sixth Amendment rights all stem from the events that allegedly occurred when he was arrested on December 10, 2004.  See PML at 14-19.  Plaintiff therefore is deemed to have known or had reason to know of his injuries on that date, and those claims are dismissed as

time-barred.  See Brandon v. City of N.Y., 705 F. Supp. 2d 261, 277 n.4 (S.D.N.Y. 2010) (finding Sixth Amendment claims time-barred and having accrued from date of plaintiff's arraignment); Mitchell v. Home, 377 F. Supp.2d 361, 373 (S.D.N.Y. 2005) (same); Lanza v. City of Chicago, No. 08 C 5103, 2009 WL 1543680, at *3-*4 (N.D. Ill. June 2, 2009) (Fifth Amendment claim time-barred from the date plaintiff first became aware that the confession would be used against him at trial).

Plaintiff appears to allege that the remaining claims Defendants seek to dismiss as time-barred – the claims alleging violations of his First Amendment right to freedom of association, Eighth Amendment rights, and Fourteenth Amendment right to equal protection – qualify as continuous torts and are therefore exempted from the relevant statute of limitations.  See PML at 15-17; 19-20.  This argument is without merit.  The Supreme Court has held that the statute of limitations for § 1983 claims stemming from alleged unlawful arrest and detention, such as the claims Plaintiff raises in his Complaint, begins to run "when the wrongful act or omission results in damages . . . even though the full extent of the injury is not then known or predictable."  Wallace, 549 U.S. at 391.  In Wallace, the Supreme Court further noted that "[w]ere it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief."  Id.  At the very latest, then, Defendants' alleged violations of Plaintiff's constitutional rights would have resulted in damages on the date of his conviction on May 7, 2005.  Because Plaintiff's Complaint was not filed until May 5, 2010, these claims are time-barred.  See Sanzone v. Donovan, Dkt. No. 09-CV-2878, 2010 WL 4668338, at *5 (E.D.N.Y. Nov. 9, 2010) (statute of limitations not tolled where Plaintiff raised only "vague arguments that his injuries are 'ongoing'").

Moreover, the Supreme Court in Wallace specifically held that a cause of action for unlawful detention under § 1983 accrues not at the time a plaintiff is released from custody, but rather, "when legal process was initiated against him." Id. at 390; cf. Heck v. Humphrey, 512 U.S. 477, 484 (1994) (contrasting malicious prosecution claims with ones for false arrest and imprisonment because the former "permits damages for confinement imposed pursuant to legal process"). In this case, such legal process would have commenced, at the latest, when Plaintiff was charged with five counts of second degree burglary and two counts of fourth degree larceny on December 10, 2004. See Wallace, 549 U.S. at 389 ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process – when, for example, he is bound over by a magistrate or arraigned on charges.") (emphasis in original). Plaintiff's Fourth Amendment claims for false arrest and imprisonment are therefore also barred by the statute of limitations.

Nor has Plaintiff made a sufficient showing that these claims should be exempt from the statute of limitations under the doctrine of equitable tolling. Although the deadlines for filing a claim may be tolled under this doctrine "as a matter of fairness," the doctrine may only be applied upon a showing that "extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence through the period he sought to toll." Trans Union LLC v. Lindor, 393 Fed. Appx. 786, 789 (2d Cir. 2010) (quoting Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005)) (internal quotation marks and alteration omitted). Such circumstances may include a change in the law, where such change may unfairly penalize a plaintiff whose claim was timely when filed. See Wharton v. County of Nassau, No. 07-CV-2137, 2010 WL 3749077, at *4 (E.D.N.Y. Sept. 20, 2010). Plaintiff argues that because the Supreme Court's

decision in Wallace was issued in 2007, at the time of his injury – i.e., his arraignment on December 10, 2004 – he would not have known that a cause of action had begun to accrue on his § 1983 claims. PML at 27-29.

The Supreme Court did note that its holding in Wallace may give rise to inequitable situations in which a plaintiff was "originally prevented from filing suit on account of a still pending conviction" prior to Wallace, but "was barred by the statute of limitations from filing suit after obtaining reversal of his conviction because of the change of law announced in Wallace." Hargroves v. City of N.Y., 694 F. Supp. 2d 198, 213 (E.D.N.Y. 2010). Here, Plaintiff was not barred by the statute of limitations from filing his claims at the time Wallace was decided; his claims did not "instantaneously become untimely." Cf. Wharton, 2010 WL 3749077, at *4. Moreover, Plaintiff did not file the present Complaint for three years following that decision, and he has made no showing that he pursued these claims with reasonable diligence through the period which he sought to toll. The Court therefore declines to apply the doctrine of equitable tolling to Plaintiff's otherwise time-barred claims in this case.

Accordingly, the Court does not reach the question of whether Plaintiff's Complaint sufficiently states claims for relief under the First, Fifth, Sixth, Eighth, and/or Fourteenth Amendments. Defendants do not contest either the timeliness or the merits of Plaintiff's federal law claim for malicious prosecution under the Fourth Amendment; therefore, that claim may proceed.

**B. State Law Claims**

*1. Malicious Prosecution*

Plaintiff's malicious prosecution claim against Defendants under New York state law also warrants summary judgment in Defendants' favor because it is time-barred. Under New York state

law, the statute of limitations for a malicious prosecution claim is one year only, and accrues when there is a favorable termination of criminal proceedings against the plaintiff. N.Y. C.P.L.R. § 215(3) (McKinney 2011); Roman v. Comp USA, Inc., 832 N.Y.S.2d 270, 272 (N.Y. App. Div. 2007). Plaintiff's conviction was vacated by the Appellate Division on December 11, 2008; because more than one year elapsed between the termination of criminal proceedings and the filing of the Complaint, his state law claim for malicious prosecution is untimely and must be dismissed.² Baggett, 57 A.D.3d 1093.

  *2. False Arrest/Imprisonment Claims*

Unlike the federal false arrest claim, under New York law, Plaintiff's cause of action for the torts of false arrest and false imprisonment accrued on the termination of the confinement. Nunez v. City of N.Y., 762 N.Y.S.2d 384, 385 (N.Y. App. Div. 2003). The statute of limitations for false arrest and imprisonment is one year and ninety days. McCray v. City of N.Y., No. 03 Civ. 9685, 2007 WL 4352748, at *15 n.20 (S.D.N.Y. Dec. 11, 2007) (citing N.Y. Gen. Mun. Law §§ 50-e, 50-i)). Plaintiff was released from custody on February 14, 2009, and filed the present Complaint on May 5, 2010.³ His false arrest/false imprisonment claims are therefore timely and may proceed.

  *3. Negligence*

In his Opposition, Plaintiff states that he withdraws his negligence claims against

---

² Plaintiff contends that the actual "termination" of criminal proceedings did not occur until his actual release from custody in February 2009. PML at 24-25. Even if this were true, Plaintiff's malicious prosecution claim would still be untimely under the one-year statute of limitations; however, the case to which Plaintiff cites in support of his argument shows that the cause of action of malicious prosecution, unlike that for false arrest and imprisonment, accrues when a plaintiff's conviction is vacated. Iazetta v. State, 432 N.Y.S.2d 987, 989 (N.Y. Ct. Cl. 1980).

³ Plaintiff also complied with the requirement under New York law to file a notice of his claim within 90 days after it arose. N.Y. Gen. Mun. Law § 50-e(1)(a) (McKinney 2011); Nunez, 762 N.Y.S.2d at 385; Compl. ¶ 16.

-7-

Defendants, acknowledging that "in seeking to recover damages . . . he must proceed by way of the traditional remedies [for] false arrest and false imprisonment." PML at 26.  Accordingly, this claim is dismissed pursuant to FED. R. CIV. P. 41(a)(2).

### *4. Negligent Infliction of Emotional Distress*

The statute of limitations for a negligent infliction of emotional distress claim in New York is three years.  Dawkins v. Williams, 413 F. Supp. 2d 161, 177 (N.D.N.Y. 2006) (Kahn, J.); Goldstein v. Mass. Mut. Life Ins. Co., 32 A.D.3d 821, 854 (N.Y. App. Div. 2006).  Generally, claims involving extreme emotional distress accrue at the time the plaintiff suffers distress – here, December 10, 2004, the date on which Plaintiff was arrested.  See Dawkins, 413 F. Supp. 2d at 177; Schultes v. Kane, 856 N.Y.S.2d 684, 685 (N.Y. App. Div. 2008).  Plaintiff's claim of negligent infliction of emotional distress is therefore barred by the relevant statute of limitations.

### *5. Intentional Infliction of Emotional Distress*

The statute of limitations in New York for a claim of intentional infliction of emotional distress is one year.  Dawkins v. Williams, 413 F. Supp. 2d at 177 (citing N.Y. C.P.L.R. § 215(3)). Plaintiff alleges that Defendants intentionally inflicted emotional distress upon him by, *inter alia*, "caus[ing] [Plaintiff] to be incarcerated for a period of over four (4) years."  Compl. ¶ 87.  At the latest, however, even under a theory of a continuing tort, the date of accrual for this claim would have been February 14, 2009, when Plaintiff was released from prison.  See Dawson, 413 F. Supp. at 177-78.  As Plaintiff did not file his Complaint until over a year after that date, his claim for intentional infliction of emotional distress is time-barred.

### **C. Defendant Lloyd P.D.**

Lastly, Defendant Lloyd P.D. seeks dismissal from this action on the grounds that it is not

subject to suit.[4]  DML at 12.  It is well settled that "a police department is an administrative arm of the municipal corporation," and cannot be sued "because it does not exist separate and apart from the municipality and does not have its own legal identity." Baker v. Willett, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (citations omitted); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)).  Defendant Lloyd P.D. is therefore dismissed from this action entirely.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 17) is **GRANTED** in part and **DENIED** in part, consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that Plaintiff's claims against Defendants on the basis of negligence are **DISMISSED** voluntarily pursuant to FED. R. CIV. P. 42(a)(1); and it is further

**ORDERED**, that all of Plaintiff's § 1983 claims other than for malicious prosecution under the Fourth Amendment; and all of Plaintiff's claims pursuant to New York state law other than his claims for false arrest/imprisonment, are **DISMISSED** as time-barred; and it is further

**ORDERED**, that the Town of Lloyd Police Department is **DISMISSED** as a defendant in this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

---

[4] Plaintiff mischaracterizes Defendants' argument on this point in his Opposition, arguing that "Defendants' argument that the subject action should be dismissed as against the Town of Lloyd is . . . without merit." PML at 26.  Defendants do not claim that Defendant Town of Lloyd is immune from suit, and Plaintiff proffers no argument as to whether Defendant Lloyd P.D. may be sued.  See PML.

DATED:    September 29, 2011
          Albany, New York

Lawrence E. Kahn
U.S. District Judge